UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KENNICE BROCK                                                                                    PETITIONER

VERSUS                                                         CIVIL ACTION NO. 5:10CV173-DCB-RHW

BRUCE PEARSON                                                                                  RESPONDENT

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Petitioner Kennice Brock filed a 28 U.S.C. § 2241 petition for writ of habeas corpus challenging the calculation of his sentence. Specifically, he argues that he should have received credit towards his federal sentence for time spent in state custody in Tennessee from December 5, 2007, through January 7, 2010. Brock argues that he should receive credit for the 767 days he spent in state custody. Respondent counters that pursuant to 18 U.S.C. § 3585(b), the time Brock spent in state custody actually was credited against his state sentence as "time served"; therefore, Brock is not entitled to credit towards his federal sentence. Brock also has filed a [16] motion for final judgment, in which he asserts that the petition is fully briefed and ripe for review.

**Factual Background**

Brock is a federal inmate incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi. Brock is serving a 57-month sentence with two years of supervised release following his conviction for being a convicted felon in possession of a firearm. Brock's projected release date is November 7, 2013. Beginning in November 1, 2006, Brock was in and out of state custody in Tennessee for various offenses. Relevant to consideration of Brock's petition, he was arrested on December 5, 2007, for driving without a license and remained in Tennessee

custody until January 7, 2010. On January 7, 2010, the Circuit Court of Shelby County, Tennessee sentenced Brock to time served (which included 767 days of jail credit) and one day.

### Law and Analysis

With respect to sentencing credit, 18 U.S.C. § 3585(b) provides that

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against any other sentence.

In interpreting § 3585(b), the Supreme Court held that it was not the legislative intent for a defendant to receive double credit for his detention time. *See United States v. Wilson*, 503 U.S. 329, 337 (1992); *Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003); *Blood v. Bledsoe*, 648 F.3d 203, 209 (6th Cir. 2011). Moreover, when a prisoner is in primary state custody and taken on writ into federal custody to answer federal charges, he is not entitled to have that time credited against his federal sentence. *See Chaplin v. United States*, 451 F.2d 179, 181 (5th Cir. 1971); *Howard v. United States*, 420 F.2d 478, 480 (5th Cir. 1970).

The judgment entered by the criminal court in Tennessee indicates that Brock received jail credit for 767 days, which included the time frame of December 5, 2007, through January 7, 2010. Thus, he was not sentenced to only one day, as he contends in his petition. Rather, he was sentenced to "time served" (767 days) plus one day. As indicated in the judgment, the 767 days

2

were applied towards his state court sentence as "Pretrial Jail Credit".  Because this time was "credited against another sentence", Brock is not entitled to have the 767 days credited against his federal sentence as well.  *See* 18 U.S.C. § 3585(b); *Leal*, 341 F.3d at 430.  To do so would result in a double credit to Brock.  *See Wilson*, 503 U.S. at 337; *Blood*, 648 F.3d at 209.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Brock's 28 U.S.C. § 2241 petition and [16] motion for judgment be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 26th day of January, 2012.

                                                        s/ *Robert H. Walker*
                                                   UNITED STATES MAGISTRATE JUDGE