IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


KENNICE BROCK                                               PETITIONER

VS.                           CIVIL ACTION NO. 5:10-cv-173(DCB)(RHW)

BRUCE PEARSON                                               RESPONDENT


ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the petitioner's petition challenging execution of sentence pursuant to 28 U.S.C. § 2241 and the respondent's response; the petitioner's motion for final judgment **(docket entry 16)**, the respondent's response, and the petitioner's reply; the petitioner's motion for writ of mandamus **(docket entry 20)**; and the Report and Recommendation of Magistrate Judge Robert H. Walker **(docket entry 22)** and the objections thereto by the petitioner.  Having considered the pleadings, records on file, briefs and arguments of the parties, and the relevant legal authority, the Court is of the opinion that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 should be denied.

In his § 2241 petition challenging the calculation of his sentence, Brock argues that he should have received credit towards his federal sentence for time spent in state custody in Tennessee from December 5, 2007, through January 7, 2010.  He argues that he should receive credit for the 767 days he spent in state custody. Respondent counters that pursuant to 18 U.S.C. § 3585(b), the time Brock spent in state custody actually was credited against his

state sentence as "time served"; therefore, Brock is not entitled to credit towards his federal sentence.

Brock also filed motions for final judgment and for writ of mandamus, asserting that his petition is fully briefed and ripe for review. Magistrate Judge Walker filed a Report and Recommendation, finding as follows:

Brock is a federal inmate incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi. Brock is serving a 57-month sentence with two years of supervised release following his conviction for being a convicted felon in possession of a firearm. Brock's projected release date is November 7, 2013. Beginning in November 1, 2006, Brock was in and out of state custody in Tennessee for various offenses. Relevant to consideration of Brock's petition, he was arrested on December 5, 2007, for driving without a license and remained in Tennessee custody until January 7, 2010. On January 7, 2010, the Circuit Court of Shelby County, Tennessee sentenced Brock to time served (which included 767 days of jail credit) and one day.

With respect to sentencing credit, 18 U.S.C. § 3585(b) provides that

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
>
> (1) as a result of the offense for which the sentence was imposed; or

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against any other sentence.

In interpreting § 3585(b), the Supreme Court has held that Congress did not intend for a defendant to receive double credit for his detention time. See United States v. Wilson, 503 U.S. 329, 337 (1992); Leal v. Tombone, 341 F.3d 427, 430 (5th Cir. 2003); Blood v. Bledsoe, 648 F.3d 203, 209 (6th Cir. 2011). Moreover, when a prisoner is in primary state custody and taken on writ into federal custody to answer federal charges, he is not entitled to have that time credited against his federal sentence. See Chaplin v. United States, 451 F.2d 179, 181 (5th Cir. 1971); Howard v. United States, 420 F.2d 478, 480 (5th Cir. 1970).

The judgment entered by the criminal court in Tennessee indicates that Brock received jail credit for 767 days, which included the time frame of December 5, 2007, through January 7, 2010. Thus, he was not sentenced to only one day, as he contends in his petition. Rather, he was sentenced to "time served" (767 days) plus one day. As indicated in the judgment, the 767 days were applied towards his state court sentence as "Pretrial Jail Credit." Because this time was "credited against another sentence," Brock is not entitled to have the 767 days credited against his federal sentence as well. See 18 U.S.C. § 3585(b); Leal, 341 F.3d at 430. To do so would result in a double credit to

3

Brock.  See Wilson, 503 U.S. at 337; Blood, 648 F.3d at 209.

In his objections to the Report and Recommendation, the petitioner continues to assert that he was sentenced to only one day rather than to "time served" (767 days) plus one day.  The petitioner is mistaken.  Thus, the objections are not well taken, and the Report and Recommendation shall be adopted.  The petition pursuant to 28 U.S.C. § 2241 shall be dismissed with prejudice.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Robert H. Walker's Report and Recommendation **(docket entry 22)** is ADOPTED as the findings and conclusions of this Court;

FURTHER ORDERED that the petitioner's motion for final judgment **(docket entry 16)** and motion for writ of mandamus **(docket entry 20)** are DENIED AS MOOT;

FURTHER ORDERED that the petitioner's petition challenging execution of sentence pursuant 28 U.S.C. § 2241  is DENIED.

 A final judgment dismissing the Petition in accordance with Rule 58 of the Federal Rules of Civil Procedure shall follow.

SO ORDERED, this the 13th day of August, 2012.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE